## MORRISON v. PERRY.

No. 20917.  Feb. 6, 1934.

Rehearing Denied March 27, 1934.

Pryor & Stokes and Hugh M. Sandlin, for plaintiff in error.

Anglin & Stevenson and Forrest M. Darrough, for defendant in error.

ANDREWS, J.  The record shows that the defendant in error, who will be referred to hereinafter as the plaintiff, instituted an action in the district court of Hughes county against the plaintiff in error, who will be referred to hereinafter as the defendant, for an accounting of a broker's commission of $2,000, in which sum he claimed a one-half interest.  The trial court rendered judgment for the plaintiff for $100.  The plaintiff appealed to this court.  This court reversed the judgment and remanded the cause to the trial court for further proceedings.  Perry v. Morrison, 118 Okla. 212, 247 P. 1004.  In doing so it said:

"Defendant should be held to an accounting and to pay plaintiff one-half of the $2,000 with interest, after adjusting any amounts due the parties or expenditures in the joint venture."

After the mandate of this court had been spread on the records of the trial court, the trial court proceeded with a hearing on the accounting, found that the defendant had expended $500, and rendered judgment for the plaintiff for $750 and interest.  The defendant then appealed.

The defendant contends that there was error in denying his request for a jury trial.  However, he does not contend that he expended more than $500 on the joint venture.  Since the effect of the judgment was to give the defendant credit for his expenditure on the amount of judgment ordered by this court on the first appeal, we can find no reversible error in denying the request for a jury, if the defendant in this kind of a proceeding was entitled to a jury trial, a question not here determined.  See section 252, O. S. 1931.

There was no error in the trial court receiving in evidence the opinion of this court.  The offer thereof was not necessary.  The trial court was charged with knowledge thereof.

There was no error in overruling the demurrer of the defendant to the evidence of the plaintiff.  Under the former order of this court the plaintiff was entitled to a judgment for $1,000, less one-half of the expenditure in the joint enterprise.  He did not need to offer evidence.

The effort made by the defendant to procure a retrial of the issue presented on the former appeal to this court was properly denied.

We find no reversible error, and the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.